Raymond **HARDWICK**, Appellant,

v.

**HOUSTON LIGHTING AND POWER COMPANY**, Appellee.

No. 01–96–00867–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 3, 1997.

Stephen Menn, Houston, for Appellant.

Kathryn Vaughn, Houston, for Appellee.

Before NUCHIA, COHEN and WILSON, JJ.

## OPINION

NUCHIA, Justice.

Appellee, Houston Lighting & Power Co. (HL&P), discharged appellant, Raymond Hardwick, after saltwater infiltrated a boiler system Hardwick monitored. In this appeal, we are asked to determine if HL&P established as a matter of law an affirmative defense to Hardwick's cause of action for slander. The trial court rendered summary judgment for HL&P. In point of error one, Hardwick contends summary judgment was improper because the "doctrine of literal truth" as upheld by the trial court overthrows the standard of defamatory import as understood by the ordinary man. We affirm.

## Background

Appellee worked as an operations foreman for HL&P. The boiler system is designed to use only pure, fresh water. In June 1990, saltwater infiltrated the boiler system and no one immediately shut down the unit. Instead, the boiler continued to operate for the next 20 hours, resulting in millions of dollars worth of damages to the power plant. After investigating the incident, HL&P discharged several employees, including Hardwick.

Hardwick sued HL&P for slander, libel, and negligence. In 1993, the trial court rendered summary judgment for HL&P. The 13th Court of Appeals reversed the judgment only as to the slander action. On remand, the trial court considered additional evidence on the slander claim and again rendered summary judgment for HL&P. It is from this second summary judgment that Hardwick appeals.

## Slander

■■■ In point of error one, Hardwick contends summary judgment was improper because there is no general "doctrine of literal truth" regarding defamatory import. He contends such a doctrine exists only as a part of the doctrine of an employer's qualified privilege to investigate employee misconduct. We do not agree. Truth and an employer's qualified privilege are independent defenses to slander. Slander is a false oral statement published to a third person without a legal excuse. *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995). Truth is an absolute defense to slander. *Id.*

■■■ In his response to the motion for summary judgment, Hardwick attached as evidence the affidavits of two nonmanagement employees concerning their conversations with fellow employees about Hardwick's termination. Deborah Mulcahy stated Judy Frank, a nonmanagement employee, told her

Raymond Hardwick had been terminated. Mulcahy further stated:

> I understood from our conversation that Raymond Hardwick was terminated because of the incident involving the leakage of saltwater into the number 4 unit at the P.H. Robinson Power Plant.

Milton Adams stated Jim Cowger, a nonmanagement employee, told him HL&P would be terminating Raymond Hardwick, Allen Wofford, and others. Adams further stated:

> I understood from our conversation that Jim Cowger was referring to a leakage of saltwater into the number 4 unit at P.H. Robinson Power Plant. I understood that he meant that Houston Lighting and Power Company was going to hold Raymond Hardwick and others responsible for the damage caused by the leakage.

We take the nonmovant's summary judgment evidence as true. *Randall's*, 891 S.W.2d at 644. However, neither affidavit contains a false or defamatory statement made by an HL&P manager. HL&P agrees Hardwick was discharged because saltwater got into the boiler, and it is clear HL&P held Hardwick and other employees responsible for the infiltration because it happened on their shift.

The discharge of an employee is an act, not an oral statement; thus, the discharge itself cannot be considered slanderous. Moreover, the implications of a true statement, however unfortunate, do not vitiate an affirmative defense of truth. *Randall's*, 891 S.W.2d at 646 (court rejected contention that statements, although literally true, were slanderous because others might infer plaintiff dishonest); *Washington v. Naylor Indus. Servs., Inc.*, 893 S.W.2d 309, 311 (Tex.App.—Houston [1st Dist.] 1995, no writ) (even though test result indicating employee used drugs was false positive, objective truth was that plaintiff tested positive on preliminary test); *Lovejoy v. Mutual Broad. Sys.*, 220 S.W.2d 308, 314 (Tex.Civ.App.—El Paso 1948, no writ) (implication that plaintiff a Nazi sympathizer not libelous if plaintiff was). Accordingly, it is irrelevant if others infer Hardwick was at fault or was incompetent.

 A defendant is entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991); *Bangert v. Baylor College of Med.*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Because the statement made by HL&P is true, HL&P conclusively established an affirmative defense to slander. We hold summary judgment was proper here as a matter of law.

We overrule point of error one. We need not reach the other points of error.

We affirm the judgment.