Armando PROVENCIO, Appellant,

v.

PARADIGM MEDIA, INC. d/b/a The Texas Network; TXN–The News of Texas; TXN–Texas News Now; and Lone Star Weekly, Appellee.

No. 08–00–00240–CV.

Court of Appeals of Texas, El Paso.

April 19, 2001.

Rehearing Overruled June 13, 2001.

Colbert N. Coldwell, Guevara, Rebe, Bauman, Coldwell & Reedmen, L.L.P., El Paso, for Appellant.

Laura Lee Stapleton, Jackson Walker L.L.P., Austin, John R. Jones, Delgado, Acosta, Braden & Jones, P.C., El Paso, for Appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION

LARSEN, Justice.

Armando Provencio appeals a summary judgment favoring Paradigm Media, Inc. in this defamation case with accompanying tort claims based on the same statements. Finding the statements at issue were substantially true, we affirm.

### FACTS

In March 1997, Armando Provencio pleaded guilty to the offense of indecency with a child, and was placed on five years' deferred adjudication probation. Provencio was required to register as a sex offender in accordance with Chapter 62 of the Texas Code of Criminal Procedure.[1] Information concerning Provencio's conviction, as well as his address, date of birth, height, weight, eye color, hair color, and even shoe size were available through the Department of Public Safety (DPS) Registered Sex Offender Database. The information required for registration is deemed public information and is maintained in a computerized central database.[2]

Paradigm is a news organization and member of the electronic and print media. It prepares investigative reports to be aired on various television stations throughout Texas. In October 1999, one of Paradigm's reporters investigated a story on whether registered sex offenders no longer resided at the addresses they had listed in the Texas Department of Public Safety Registered Sex Offender Database. As part of this investigation, Paradigm's reporter sent a postcard via the U.S. mail to Provencio at the address listed in the DPS sex offender database, with a return address as follows:

Texas Department of Public Safety

Registered Sex Offender Address Verification

P.O. Box 13012

Austin, Texas 78711–3012

The postcard read:

DO NOT FORWARD

ATTENTION: REGISTERED SEX OFFENDER

THE PURPOSE OF THIS STATEWIDE DPS REGISTERED SEX OFFENDER SURVEY IS TO VERIFY THE REQUIRED ADDRESS INFORMATION YOU SUBMITTED AT THE TIME OF YOUR REGISTRATION.

THE CONDITIONS OF REGISTRATION REQUIRE ALL REGISTERED SEX OFFENDERS TO HAVE THEIR CURRENT ADDRESS ON FILE WITH THE TEXAS DEPARTMENT OF PUBLIC SAFETY.

IF THIS IS STILL YOUR CURRENT FULL TIME RESIDENCE, CHECK BOX AND RETURN IN A STAMPED ENVELOPE. YES THIS IS STILL MY RESIDENCE

ATTENTION: CURRENT RESIDENT

IF THE ADDRESSEE NO LONGER LIVES AT THIS RESIDENCE, PLEASE RETURN TO POSTAL DROP (NO POSTAGE REQUIRED)

The postcard was delivered and placed in a community receptacle for the tenants of the trailer park where Provencio lived. His neighbors apparently read the card. Brandishing baseball bats and knives, a large group marched to his trailer, banged on doors and windows, and threatened to beat him and kill him.

---

1. *See* TEX.CRIM. PROC.CODE ANN. art. 62.02 (Vernon Supp.2001).

2. *See* TEX.CRIM. PROC.CODE ANN. art. 62.08 (Vernon Supp.2001).

Provencio received the postcard on the following day from the manager of the trailer park. He moved from the trailer park. Sometime after moving, he encountered one of his former neighbors, who threatened to denounce Provencio at his place of employment and at his new residence.

Provencio filed suit against Paradigm alleging libel, intentional infliction of emotional distress, fraud, negligence per se, negligence, and false impersonation of a public servant. He asserted that by mailing the postcard survey, Paradigm had falsely impersonated the Texas Department of Public Safety and tampered with a governmental record.[3] Paradigm moved for summary judgment on the grounds that the statements it had made on the postcard were true or substantially true. The trial court granted Paradigm's motion for summary judgment without stating the basis for its ruling .[4]

### Summary Judgment Standard of Review

■■■ To prevail on summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[5] A defendant who conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that cause of action.[6] Similarly, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment.[7] If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on the negated element of the cause of action or must produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense.[8] In reviewing a motion for summary judgment, we accept as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor.[9] Where, as here, the trial court does not specify the grounds for granting the motion, and several grounds are provided, we must determine if any of the grounds would support the judgment, and affirm the judgment if any of the theories advanced are meritorious.[10]

### Defamation

■■■ To establish a defamation claim, a plaintiff must show: (1) the defendant

---

3. See TEX. PEN.CODE ANN. §§ 37.10, 37.11 (Vernon Supp.2001).

4. At the hearing on the motion for summary judgment, the trial court stated in its ruling: "Well, I certainly think that you could have, in the right case, you could have truthful statements, that is speech, that could be subject to a cause of action for outrageous, intentional infliction of emotional distress. That's the only cause of action, if you've got one, that I think you have got here, Mr. Coldwell. I'm going to go ahead and grant the Motion for Summary Judgment. I'm going to grant it in its entirety because I just don't think that even what you have here is going to get you over the hump on intentional infliction of emotional distress as a matter of law. So the Motion for Summary Judgment is granted."

5. See TEX.R. CIV. P. 166a(c).

6. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); ABC, Inc. v. Shanks, 1 S.W.3d 230, 234 (Tex.App.—Corpus Christi 1999, pet. denied).

7. Randall's Food Markets, 891 S.W.2d at 644; City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979).

8. Milam v. National Ins. Crime Bureau, 989 S.W.2d 126, 130 (Tex.App.—San Antonio 1999, no pet.).

9. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex.1985).

10. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989); Milam, 989 S.W.2d at 130.

published a factual statement; (2) that was defamatory; (3) concerning the plaintiff; (4) while acting with negligence, if the plaintiff was a private individual,[11] regarding the truth of the statement.[12] Allegedly defamatory statements must be construed as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement.[13]

### Truth of Statements

 A showing of "substantial truth" defeats a libel cause of action.[14] A statement is not substantially true if, in the mind of the average reader, it is more damaging to the plaintiff's reputation than a truthful statement would be.[15] Conversely, a statement is substantially true if it is no more damaging than a true statement would have been.[16] In making this determination, we look to the "gist" of the statement alleged to be defamatory.[17] If the underlying facts as to the "gist" of the alleged defamatory statement are undisputed, we may disregard any variance with respect to items of secondary importance and determine substantial truth as a matter of law.[18] Moreover, the implications of

a true statement, however unfortunate, do not vitiate the defense of truth.[19]

 Here, Provencio contends that Paradigm's impersonation of the DPS precludes any protection from the defense of truth. He argues that the "gist" of the postcard is that DPS was conducting a survey of registered sex offenders to verify the required address information. He argues that because DPS did not actually conduct the survey, the statements in the postcard as a whole are false. He further asserts that the issue of whether Paradigm violated the Penal Code,[20] or the standards of care set forth there, are fact questions for the jury. We disagree.

The summary judgment evidence includes an affidavit from Brian Collister, an investigative reporter for Paradigm in October 1999. He avers that in investigating the accuracy of the address information contained in the Texas Department of Public Safety Registered Sex Offender Database, he mailed the postcard to Provencio requesting that he confirm his current address. He obtained Provencio's mailing address from the public database of registered sex offenders maintained by the

**11.** There is no dispute that Provencio is a private individual and the public figure standard of actual malice does not apply.

**12.** *WFAA–TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998), *cert. denied,* 526 U.S. 1051, 119 S.Ct. 1358, 143 L.Ed.2d 519 (1999); *Carr,* 776 S.W.2d at 569; *Dolcefino v. Randolph,* 19 S.W.3d 906, 917 (Tex.App.—Houston [14th Dist.] 2000, pet. denied); *Shanks,* 1 S.W.3d at 234.

**13.** *Carr,* 776 S.W.2d at 570; *Musser v. Smith Protective Services,* 723 S.W.2d 653, 655 (Tex. 1987).

**14.** *See McIlvain v. Jacobs,* 794 S.W.2d 14, 15 (Tex.1990); *Associated Press v. Cook,* 17 S.W.3d 447, 452 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Milam,* 989 S.W.2d at 130.

**15.** *See McIlvain,* 794 S.W.2d at 16; *Cook,* 17 S.W.3d at 452.

**16.** *See McIlvain,* 794 S.W.2d at 16; *American Broadcasting Companies, Inc. v. Gill,* 6 S.W.3d 19, 30 (Tex.App.—San Antonio 1999, pet. denied).

**17.** *McIlvain,* 794 S.W.2d at 16.

**18.** *Id.*

**19.** *Cook,* 17 S.W.3d at 452–53 (citing *Hardwick v. Houston Lighting & Power Co.,* 943 S.W.2d 183, 185 (Tex.App.—Houston [1st Dist.] 1997, no writ)).

**20.** TEX. PEN.CODE ANN. § 37.10 (Tampering with Governmental Record); TEX. PEN.CODE ANN. § 37.11 (Impersonating Public Servant).

DPS. According to Collister, the return address listed was not intended to appear as though the survey came from DPS, but rather to indicate the purpose of the mailing, which was to verify addresses contained in the DPS database. The return address listed was actually Paradigm's post office box. Collister stated that he had no knowledge that Provencio's mail would be delivered into a community bin accessible by his neighbors, since nothing about Provencio's listed address indicated such community access. He bore Provencio no ill-will or ill-intent in sending the postcard. At no time did he have any doubt about the truth of the statements contained in the postcard. Finally, Collister testified that Provencio did not return the postcard, and no criminal charges have been brought against Paradigm for its action.

The evidence also includes a judgment attached to Paradigm's motion for summary judgment, which shows that Provencio entered a plea of guilty in El Paso County to the offense of indecency with a child in 1997 and was placed on five years' deferred adjudication probation. Also attached to the motion are copies of several pages from an internet sex offender database listing, titled "Internet Open Records Project" which lists Provencio's address and indicates a conviction for indecency with a child on March 14, 1997 for which he received five years' community supervision. The information further indicates that the victim was a twelve-year-old male, and the offense was committed by sexual contact.

Without implying that we approve of investigative reporting methods that in-cluded deceptively suggesting the postcard came from a law enforcement agency, we nevertheless find the summary judgment evidence established, as a matter of law, that the alleged defamatory statements were substantially true. The "gist" of the statement was that Provencio was required to verify his address as a registered sex offender. The summary judgment evidence clearly established that Provencio is a sex offender, and that he is required to register as such. That information is publically available through the DPS database. We cannot see how the content of the postcard would have been less damaging had the return address named Paradigm rather than the DPS. We find the misleading nature of the return address was of secondary importance and does not defeat the truth defense.[21] Accordingly, we overrule Provencio's Issue for Review Six.

### Other Causes of Action

■■■ In Issues for Review One through Four, Provencio contends that the trial court erred in granting summary judgment on his claims for intentional infliction of emotional distress, negligence, negligence per se, and fraud. Paradigm contends that because the libel claim fails, so must the other non-libel claims. We agree with Paradigm.

■■■ Provencio does not allege that Paradigm committed any harmful act separate and apart from sending him the postcard that caused his neighbors to react as they did. When non-libel claims are grounded on the same speech giving rise to a libel claim, generally a plaintiff must prove the falsity of the alleged libelous speech.[22][23] "To hold otherwise would per-

---

21. *McIlvain*, 794 S.W.2d at 16.

22. *See Evans v. Dolcefino*, 986 S.W.2d 69, 79 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *KTRK Television, Inc. v. Fowkes*, 981 S.W.2d 779, 789–90 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *KTRK Television v. Felder*, 950 S.W.2d 100, 107–08 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Rogers v. Dallas Morning News, Inc.*, 889 S.W.2d 467, 474 (Tex.App.—Dallas 1994, writ denied); *see also*

mit litigants to circumvent constitutional defenses against the tort of libel by pleading torts that do not require falsity or actual malice."[24] The same protections which the First Amendment affords defendants from libel claims also protect them from non-libel claims that are based on the same defamatory publication.[25]

Because we have determined the statements on the postcard were substantially true as a matter of law, Provencio has failed to meet a condition precedent to recovery on his libel claims.[26] Thus, under the undisputed facts here, we find that Provencio is precluded from recovering on his non-libel claims, as well.[27] The trial court did not err in granting summary judgment on the claims of intentional infliction of emotional distress, negligence, negligence per se, and fraud. We overrule Provencio's Issues for Review One through Four.

*Exemplary Damages*

In his fifth issue for review, Provencio contends that the trial court erred in granting summary judgment on his claim for exemplary damages. As Provencio's defamation claim, as well as his non-defamation claims, fail as a matter of law, we find he is not entitled to exemplary damages.[28] His fifth issue for review is overruled.

*Cross–Point: Request for Sanctions*

■ Paradigm brings a cross-point for review requesting this Court to award sanctions. The Texas Rules of Appellate Procedure provide that if the court of appeals determines an appeal is frivolous, it may, after notice and a reasonable opportunity for response, award a prevailing party "just" damages.[29] Although Provencio has not prevailed in this Court, we do not find his appeal frivolous. Sanctions are inappropriate in this case and we overrule Paradigm's cross-point.

---

*Hustler Magazine v. Falwell*, 485 U.S. 46, 56, 108 S.Ct. 876, 882, 99 L.Ed.2d 41 (1988); *Einmann v. Soldier of Fortune Magazine, Inc.*, 680 F.Supp. 863, 866 n. 3 (S.D.Tex.1988), *rev'd on other grounds*, 880 F.2d 830 (5th Cir.1989).

23. We agree with the trial court's statement at the summary judgment hearing that under certain scenarios, publication of true statements may be so outrageous as to give rise to a cause of action. For example, Texas recognizes a tort of public disclosure of private facts where: (1) publicity is given to matters concerning the plaintiff's private life; (2) the publication of which would be highly offensive to a reasonable person of ordinary sensibilities; and (3) the matter is not of legitimate public concern. *See Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668, 682 (Tex.1976). Although Provencio would probably survive a summary judgment on the first two elements of this cause of action, he clearly could not create a fact question on the third element.

We can also envision situations in which publication of true statements might consti-

tute intentional infliction of emotional distress. *See Soto v. El Paso Natural Gas Co.*, 942 S.W.2d 671, 681 (Tex.App.—El Paso 1997, writ denied) (co-employee's ridicule of plaintiff's cancer surgery, calling her "lopsided" and stating she had a "plastic boob" sufficiently outrageous to create fact question on intentional infliction of emotional distress). We do not think the postcard sent to Provencio, however, is within this class of outrageous behavior.

24. *Evans*, 986 S.W.2d at 79.

25. *See Channel 4, KGBT v. Briggs*, 759 S.W.2d 939, 942 (Tex.1988).

26. *Fowkes*, 981 S.W.2d at 789–90.

27. *See Evans*, 986 S.W.2d at 79; *Felder*, 950 S.W.2d at 108.

28. *See Musser v. Smith*, 690 S.W.2d 56, 58 (Tex.App.—Houston [14th Dist.] 1985), *aff'd*, 723 S.W.2d 653 (Tex.1987).

29. *See* Tex.R.App.P. 45.

### CONCLUSION

We affirm the summary judgment, and deny sanctions under Tex.R.App. P. 45.