**William JOSEPH, Plaintiff,**

v.

**SOLUTIA, INC. and Dale Lambreth, Defendants.**

**No. CIV.A. G–02–071.**

United States District Court,
S.D. Texas,
Galveston Division.

March 29, 2002.

Michael William Kerensky, The Kerensky Law Firm, Houston, TX, for William Joseph, plaintiff.

Holly Harvel Williamson, Littler Mendelson, Houston, TX, for Solutia, Inc, Dale Lambreth, defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

On December 12, 2001, Plaintiff William Joseph ("Joseph") filed suit against Defen-

dants Solutia, Inc. ("Solutia") and Dale Lambreth ("Lambreth") in the 149th Judicial District Court of Brazoria County, Texas, alleging causes of action for libel, slander, and defamation of character. Defendants then timely removed the action to this Court on January 29, 2002. Now before the Court is Plaintiff's Motion to Remand, filed February 22, 2002. Because the Court finds that subject matter jurisdiction is lacking, Plaintiff's Motion to Remand is hereby **GRANTED.**

I.

As averred in his pleadings, Plaintiff Joseph worked as a technician for Defendant Solutia for thirty-two years prior to his voluntary retirement on August 30, 2001. Within days of his retirement, Plaintiff learned that he had been placed on "security alert" status at the Solutia plant. According to Plaintiff, an employee is only placed on security alert status when he has been banned from the plant's premises for posing a serious threat to the health, security, and welfare of the plant and its employees. Plaintiff was first informed of his security alert status by his daughter, Jennifer Joseph, who had allegedly obtained the information from Jennifer Martinez, the daughter of another Solutia plant employee, Keith Martinez. Upon learning the news, Plaintiff immediately contacted security and human resources personnel at Solutia, both of whom confirmed the accuracy of the information. Approximately one month later, Keith Martinez admitted to Plaintiff that Defendant Dale Lambreth, a superintendent at Solutia, had told him and other Solutia plant operators that a security alert had been issued on Plaintiff. On the basis of these facts, Plaintiff filed suit against both Solutia and Lambreth in Texas state court for libel, slander, and defamation of character.[1]

---

1. In their Response, Defendants object to various factual allegations made by Plaintiff in

## II.

Defendants removed Plaintiff's action on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332; § 1441(a). Furthermore, an examination of the face of Plaintiff's Original Petition reveals that no basis exists for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Consequently, for the Court to enjoy subject matter jurisdiction over this removed action, there must be complete diversity of citizenship between the properly joined Plaintiff and Defendants, 28 U.S.C. § 1332, and no properly joined Defendant may be a resident of the state of Texas, 28 U.S.C. § 1441(b).

The first requirement for diversity jurisdiction is satisfied because neither Party disputes that the amount in controversy exceeds $75,000. The Parties also agree as to the citizenship facts. Plaintiff Joseph is a resident of Brazoria County, Texas. Defendant Solutia is a Delaware corporation with its principal place of business in the state of Missouri. Finally, Defendant Lambreth is a resident of Brazoria County, Texas.

The second requirement for diversity jurisdiction is complete diversity of citizenship between the properly joined Plaintiff and Defendants. Because the Parties concur that both Plaintiff and Defendant Lambreth are residents of the state of Texas, the key inquiry in resolving Plaintiff's Motion to Remand is whether or not Defendant Lambreth has been properly joined to this action. Defendants contend that Lambreth was fraudulently joined to destroy diversity jurisdiction in federal court, and therefore should be dismissed on that ground. If Defendant Lambreth was fraudulently joined to this lawsuit, then removal is clearly warranted because complete diversity of citizenship exists between Plaintiff and Defendant Solutia. If, on the other hand, Defendant Lambreth is a proper party to this action, removal jurisdiction would be absent. Specifically, removal would be improper for two reasons: there would not be complete diversity of citizenship between Plaintiff and Defendants as required by 28 U.S.C. § 1332, and at least one Defendant would be a resident of the state in which the removal court sits, contrary to the provisions of 28 U.S.C. § 1441(b).

█ The Court begins by noting that "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec.1981). In order to prove that

his Affidavit. First, Defendants challenge Plaintiff's statements concerning the general purpose and connotation associated with Solutia's security alert status, specifically regarding the types of employees who are typically placed on security alert status, and the types of employees who ought to be privy to security alert status information. Defendants assert that such statements are conclusory and made without proper evidentiary foundation. Second, Defendants contest Plaintiff's statements recounting Keith Martinez's statements about Dale Lambreth's statements on the basis of hearsay. Although the Fifth Circuit has endorsed a summary judgment-like procedure for evaluating fraudulent joinder claims, specifically permitting courts to pierce the pleadings and consider summary judg-ment-type evidence, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995), this does not require the Court to disregard mere factual allegations altogether. Because the Court is obliged to construe all contested factual allegations in Plaintiff's favor, and because, incidentally, Defendants have not produced contravening evidence to debunk Plaintiff's allegations, this Court will liberally construe Plaintiff's statements. Furthermore, with specific regard to Plaintiff's statements on the general purpose and nature of Solutia's security alert status, the Court is sufficiently satisfied that Plaintiff's thirty-two years of personal work experience at the Solutia plant qualifies him to draw such conclusions.

a non-diverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is absolutely no possibility that the plaintiff would be able to recover against the non-diverse defendant in state court. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995) (emphasis added).

Since the Parties do not dispute the citizenship of the various litigants, Defendants are not alleging any fraud in Plaintiff's pleading of any jurisdictional facts. Thus, for Defendants to defeat Plaintiff's Motion for Remand, Defendants must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Sid Richardson,* 99 F.3d at 751. (quoting *Cavallini,* 44 F.3d at 259).

■ In assessing a "no possibility of recovery" fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the

Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990); *see also Burden,* 60 F.3d at 216.

### III.

■ Defendants' burden is indeed a heavy one, and the Court finds that Defendants have failed to carry it. Principally, Plaintiff avers that Lambreth libeled, slandered, and defamed his character by publishing statements about his placement on security alert status to other Solutia employees. In response, Defendants argue that Plaintiff cannot possibly recover against Lambreth under theories of libel, slander, and defamation because libel applies only to written statements, and, more broadly, Lambreth's statements were true, and truth is an absolute defense to causes of action for slander and defamation under Texas law.[2]

At the outset, the Court agrees with Defendants that Plaintiff has failed to state a cause of action for libel against Lambreth. In Texas, a libel is a written

---

**2.** In their Notice of Removal, Defendants seem to additionally imply that Lambreth was privileged to publish statements regarding Plaintiff's security alert status to plant operators like Keith Martinez. However, Defendants never formally state or develop this defense, and fail to raise this argument altogether in their Response to Plaintiff's Motion to Remand. The Court therefore assumes that Defendants have waived this argument. Even if Defendants have not waived this defense, however, the Court is dubious of its

potency here. Plaintiff avers in his Affidavit that operators serve no security function at the plant, and therefore should not be privy to information pertaining to an individual's security status. Although Defendants challenge Plaintiff's competency to draw this and related conclusions, as previously discussed, the Court believes that Plaintiff is qualified to make such statements based on his thirty-two years of personal work experience at the Solutia plant.

defamatory statement that tends to injure a person's reputation or impeach a person's honesty, integrity, virtue, or reputation, thereby exposing the person to public hatred, contempt, ridicule, or financial injury. *See* Tex. Civ. Prac. & Rem.Code Ann. § 73.001. Because Plaintiff avers only that Lambreth orally published defamatory statements against him, no valid cause of action for libel presently exists.

However, after resolving all ambiguities in controlling state law in Plaintiff's favor, the Court finds that there does exist some possibility, albeit slim, that Plaintiff can recover from Defendant Lambreth for slander and defamation under Texas state law. To maintain a cause of action for defamation, Plaintiff must show that Lambreth published a statement concerning Plaintiff that was defamatory while acting with malice, if Plaintiff was a public official, or while acting with negligence, if Plaintiff was a private individual. *See WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.1998). To prove slander, Plaintiff must demonstrate that Lambreth orally published a defamatory statement about Plaintiff to a third party without explanation or excuse. *See Cain v. Hearst Corp.*, 878 S.W.2d 577, 580 (Tex. 1994). A statement is defamatory if the words tend to injure a person's reputation or to impeach a person's honesty, integrity, virtue, or reputation, thereby exposing the person to public hatred, contempt, ridicule, or financial injury. *See id.;* Tex.Civ. Prac. & Rem.Code Ann. § 73.001. Whether certain words are reasonably capable of a defamatory meaning is a question of law for the court. *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654–55 (Tex.1987). A court must construe the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *Id.* at 655. Only if the court determines that the language is ambiguous or of doubtful import should a jury determine the statement's meaning and the effect the statement's publication has on the ordinary person. *Id.*

Defendants challenge Plaintiff's actions for slander and defamation on the grounds that Lambreth's statements concerning Plaintiff were true, and truth of a statement is an absolute defense to claims for slander and defamation under Texas law. Defendants specifically rely upon a myriad of Texas state court and federal court opinions embracing this notion, including *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services*, 925 F.2d 866, 878 (5th Cir.1991); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995); *KTRK Television, Inc. v. Fowkes*, 981 S.W.2d 779, 789 (Tex. App.1998), (pet. denied); *Ortiz v. San Antonio Federal Credit Union*, 974 S.W.2d 833, 837 (Tex.App.—San Antonio 1998, no pet.); *Hardwick v. Houston Lighting & Power*, 943 S.W.2d 183, 185 (Tex.App.— Houston [1st Dist.] 1997, no writ); and *Washington v. Naylor Industrial Services, Inc.*, 893 S.W.2d 309, (Tex.App.—Houston [1st Dist.] 1995, no writ).

While the Court acknowledges that the Texas courts previously regarded truth as an absolute defense to slander and defamation, it disagrees that this principle accurately characterizes Texas law today. The glaring development that Defendants either inadvertently or conveniently overlook is the holding in *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103 (Tex.2000), a case in which the Texas Supreme Court both explicitly and implicitly overruled prior appellate court cases on this issue, at least to the extent that such cases suggested that the literal truth of a statement always constitutes an absolute defense to defamation. *See id.* at 115–16 (expressly disapproving of *Fowkes* and *Hardwick*, two cases cited by Defendants). In *Turner*, the media defendant, KTRK, argued

that Texas law did not recognize a cause of action for defamation based upon a publication as a whole. *See id.* at 114. In rejecting KTRK's argument, the Texas Supreme Court reasoned that "under Texas law a publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all the story's individual statements considered in isolation were literally true or non-defamatory." *Id.* Based on this precedent, the *Turner* court decided that "a plaintiff can bring a claim for defamation when discrete facts, literally or substantially true, are published in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way." *Id.* at 115. Thus, although *Turner* did not completely eviscerate the literal truth defense,[3] it imposed a substantial qualification upon a previously unqualified defense.

In light of the Texas Supreme Court's holding in *Turner*, the Court believes that Plaintiff can possibly recover from Lambreth under theories of slander and defamation. At bottom, Plaintiff's allegations suggest that Lambreth's oral publication of the fact of Plaintiff's security alert status, occurring only days after Plaintiff's retirement from the Solutia plant, tended to create a misleading perception in the mind of the ordinary listener that Plaintiff had been banned from the plant because he posed a serious threat or danger to the health, safety, and welfare of the plant and its employees. In essence, a Texas state court could interpret Lambreth's failure to concomitantly publish the fact that Plaintiff had voluntarily retired from Solutia as a false and defamatory statement under *Turner*. While the Court admits that this analogy to *Turner* is somewhat tortured and attenuated, it is also keenly aware of the formidable burden that Defendants bear in proving fraudulent joinder. This Court is obligated to construe all disputed questions of fact in the light most favorable to Plaintiff, and to resolve any ambiguities in controlling state law in favor of Plaintiff as well. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. Only after having done so may this Court decide whether Defendants have carried their lofty burden of showing that there is "absolutely no possibility" of recovery against Lambreth in state court. *See Sid Richardson,* 99 F.3d at 751 (quoting *Cavallini,* 44 F.3d at 259). Because the holding in *Turner* carves out a substantial exception to the defense of literal truth, under which Plaintiff could conceivably recover against Defendant Lambreth, the Court is compelled to conclude that Defendants have failed to carry their heavy burden of demonstrating that Defendant Lambreth has been fraudulently joined.

## IV.

For the reasons set forth above, the Court concludes that Defendant Lambreth was not fraudulently joined as a party to this action. As such, the presence of Lambreth as a properly joined Defendant destroys diversity jurisdiction

---

3. The Texas Supreme Court sustained the vitality of the literal truth defense by distinguishing *Turner* from *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640 (Tex.1995), a seminal case in which the court rejected a grocery store employee's claims for slander and defamation where a store manager had told other store employees that the plaintiff had taken a Christmas wreath from the store without paying for it. The *Turner* court explained that *"Randall's* simply held that a defendant cannot be held liable for presenting a true account of events, regardless of what someone might conclude from this account. The case did not involve the omission of material facts or misleading presentation of true facts, which can render an account just as false as an outright misstatement." *Id.* at 115.

in this case, and this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims under 28 U.S.C. § 1332(a). The Court accordingly hereby **GRANTS** Plaintiff's Motion to Remand, and **REMANDS** this lawsuit to the 149th Judicial District Court of Brazoria County, Texas, for **LACK OF SUBJECT MATTER JURISDICTION.**

The Court further notes that pursuant to the clear language of 28 U.S.C. § 1447(d), an order remanding a case for lack of subject matter jurisdiction is unreviewable by appeal, mandamus, or otherwise. *See also Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S.Ct. 494, 496, 133 L.Ed.2d 461 (1995); *Angelides v. Baylor College of Med.,* 117 F.3d 833, 835 (5th Cir.1997); *Linton v. Airbus Industrie,* 30 F.3d 592, 600 (5th Cir.1994); *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1024, 1027 (5th Cir.1991). The Court respectfully defers any unresolved issues to the remand court, and instructs the Parties not to file any further pleadings regarding this lawsuit in this Court, including Motions to Reconsider and the like. Any and all further relief should be sought from the remand court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**