COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 JESSE
 DAVILA,
  
                             Appellant,
  
 v.
  
 PAY &
 SAVE CORPORATION  D/B/A LOWE=S MARKET PLACE, INC.,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00452-CV
  
 Appeal from the
  
 106th District Court
  
 of Gaines County, Texas
  
 (TC#98-08-13663)
 
 




 

MEMORANDUM
OPINION

Jesse Davila brings this appeal from
a summary judgment rendered against him and in favor of his former employer,
Pay & Save Corporation, doing business as Lowe=s Market Place, Inc.  We affirm.

Factual and Procedural Background








Samantha Crider, another employee of
Pay & Save, accused Davila of sexual harassment.  Pay & Save fired Davila as a result of
Crider=s accusation.  Davila then brought this suit against Pay
& Save, alleging that Crider=s accusation was false and that Pay
& Save failed to conduct a proper investigation of the accusation.  He asserted numerous causes of action,
including defamation, negligence, invasion of privacy, fraud, and intentional
infliction of emotional distress.  Pay
& Save filed a special exception to Davila=s negligence claim.  The trial court sustained the special
exception and struck the negligence claim from Davila=s petition.  Thereafter, Pay & Save moved for both a
traditional and a no-evidence summary judgment on the claims that had not been
stricken.   The trial court granted the
summary judgment motion in its entirety. 
On appeal,  Davila argues that the
trial court erred by summarily disposing of his claims for defamation,
negligence, invasion of privacy, fraud, and intentional infliction of emotional
distress.

Standard of Review

We apply a de novo standard of
review to summary judgments.  Bowen v.
El Paso Elec. Co., 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, pet.
denied).  We will uphold a traditional
summary judgment if the moving party establishes that no material fact issue
exists and that it is entitled to judgment as a matter of law.  Id. 
We will uphold a no-evidence summary judgment if there is no more than a
scintilla of evidence to support the non-moving party=s claim.  Steinkamp v. Caremark, 3 S.W.3d 191,
193-94 (Tex. App.--El Paso 1999, pet. denied). 
We view the evidence in the light most favorable to the non-moving
party.  Bowen, 49 S.W.3d at 904; Steinkamp,
3 S.W.3d at 194.

Defamation








To recover for defamation, a
plaintiff who is not a public figure must prove:  (1) the defendant published a factual
statement; (2) that was defamatory; (3) concerning the plaintiff; (4) while
acting with negligence regarding the truth of the statement.  Provencio v. Paradigm Media, Inc., 44
S.W.3d 677, 680-81 (Tex. App.--El Paso 2001, no pet.).  An employer is not liable for its employee=s defamatory statements unless the
statements were made within the scope of employment.  Minyard Food Stores, Inc. v. Goodman,
80 S.W.3d 573, 577-78 (Tex. 2002).  To
establish that an employee was acting within the scope of her employment, the
plaintiff must put forth evidence that Athe employee=s statements were made in furtherance
of the employer=s business, and for the accomplishment of the objective for
which the employee was employed.@ 
Id. at 578.








In its motion for summary judgment,
Pay & Save argued, among other things, that there was no evidence that its
employees, including Crider, made defamatory statements about Davila while
acting within the scope of employment. 
To establish that the trial court erred by granting summary judgment on
his defamation claim, Davila relies on the following statement from his
affidavit, which was attached to his summary judgment response:  AThere was never any attempt on the
part of any individual, which would include Roger Lowe, Jr., to discuss this
matter with me, and to hear my side. 
There was just a total belief of what Samantha Crider had said.  It was one sided.@ 
Davila does not explain why he thinks this statement is evidence that
Crider, or any other Pay & Save employee, made defamatory statements about
him while acting within the scope of employment.  The statement is simply not relevant to the
scope-of-employment issue.  Therefore,
Davila has not established that the trial court erred by granting summary
judgment on his defamation claim.  Maranatha
Temple Inc. v. Enterprise Prods. Co., 893 S.W.2d 92, 106 (Tex.
App.--Houston [1st Dist.] 1994, writ denied) (AWhen the appellant does not provide
us with argument that is sufficient to make an appellate complaint viable, we
will not perform an independent review of the record and applicable law in
order to determine whether the error complained of occurred.@).

Negligence

In its special exception to the
negligence claim, Pay & Save argued that the claim was barred by the
exclusive remedy provision of the Texas Workers= Compensation Act.    See Tex. Lab. Code Ann. ' 408.001 (Vernon 1996).  The court sustained the special exception and
struck the negligence claim from Davila=s petition.








Davila argues on appeal that the
trial court erred by dismissing his negligence claim, but he does not attack
the basis for the court=s ruling.  He makes no
argument regarding the sustaining of the special exception or the applicability
of the exclusive remedy provision. 
Instead, he argues that a fact question exists regarding whether Pay
& Save acted negligently in investigating Crider=s complaint.  This argument does not provide a basis for
reversing the trial court=s decision to strike the negligence claim.  If the trial court was correct in determining
that the negligence claim is barred by the exclusive remedy provision, Davila
cannot recover on his negligence claim even if Pay & Save was
negligent.  But we cannot address the
court=s determination regarding the
exclusive remedy provision because Davila has not attacked that
determination.  See Walling v.
Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (AWe have held repeatedly that the
courts of appeals may not reverse the judgment of a trial court for a reason
not raised in a point of error.@); Aluminum Chems. v. Bechtel Corp., 28 S.W.3d 64, 68
(Tex. App.--Texarkana 2000, no pet.) (AIt is not the proper function of this
Court to create arguments for an appellant. 
We are restricted to addressing the arguments actually raised, not those
that might have been raised.@).

Invasion of Privacy

In Texas, the term Ainvasion of privacy@ encompasses three distinct
torts:  (1) intrusion upon a person=s right to be left alone in his or
her own affairs; (2) publicity given to private information about a person; and
(3) appropriation of some element of the person=s personality for commercial
use.  See Cain v. Hearst Corp.,
878 S.W.2d 577, 578-79 (Tex. 1994).  In
his fourth amended original petition, which was his live pleading at the time
of the summary judgment, Davila phrased his cause of action for invasion of
privacy as follows:

The tort of invasion of privacy encompasses
unreasonable intrusion upon the seclusion or private affairs of another.  In the case presently before this Court, the
Plaintiff was held up to ridicule in such a way that it damaged him
publicly.  As a result, this cause of
action was the proximate cause of damages set forth hereafter.

 

This language, fairly construed, asserts a cause of action
for one or both of the first two invasion of privacy torts--intrusion and publicity.  See Valenzuela v. Aquino, 853 S.W.2d
512, 513 (Tex. 1993) (setting forth the elements of intrusion); Provencio,
44 S.W.3d at 682 n.23 (setting forth the elements of publicity).








In its motion for summary judgment,
Pay & Save listed the elements of intrusion and publicity and argued that
there was no evidence to support any of the elements.   Davila did not suggest in his response to
the summary judgment motion that Pay & Save had misinterpreted his
petition.  Nevertheless, Davila argues on
appeal that there is a fact issue with respect to the elements of
appropriation--the third type of invasion of privacy tort.

We will not consider a claim raised
for the first time on appeal.  See
Renteria v. Housing Auth., 96 S.W.3d 454, 459 (Tex. App.--El Paso 2002,
pet. denied) (AWe can find no error in the dismissal
of a claim which was never pled.@). 
Therefore, we will not consider Davila=s argument that there was a fact
issue with respect to the elements of appropriation.  Because Davila has not made any argument with
respect to intrusion or publicity, he has not established that the trial court
erred by granting summary judgment on his invasion of privacy claim.

Fraud








To recover for fraud, a plaintiff
must prove that:  (1) a material
representation was made; (2) it was false; (3) the speaker made the
representation with knowledge of its falseness or made it recklessly without
any knowledge of the truth; (4) the speaker made the representation with the
intent that it would be relied upon by the plaintiff; (5) the plaintiff acted
in reliance upon it; and (6) the plaintiff thereby suffered injury.  Green Int=l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.
1997).  Pay & Save argued below that
it was entitled to summary judgment on Davila=s fraud claim because, among other
things, there was no evidence that Davila relied on any false representation.

In his response to the summary
judgment motion, Davila argued that there was evidence that Pay & Save made
a false representation to the community at large and to the Texas Workforce
Commission that Davila had committed sexual harassment.  He further argued that he was injured because
the Texas Workforce Commission denied his claim for unemployment compensation
based on Pay & Save=s false representation. 
Davila did not point to any evidence that he relied on the
representation.  On appeal, he argues
that Pay & Save falsely represented to him that he had committed sexual
harassment, but again he does not cite any evidence that he relied on this
representation.  Accordingly, Davila has
not established that the trial court erred by granting summary judgment on his
fraud claim.

Intentional Infliction of Emotional
Distress








To recover for intentional infliction
of emotional distress, a plaintiff must prove that:  (1) the defendant acted intentionally or
recklessly; (2) the defendant=s conduct was extreme and outrageous; (3) the defendant=s actions caused the plaintiff
emotional distress; and (4) the emotional distress was severe.  Texas Farm Bureau Mut. Ins. Cos. v. Sears,
84 S.W.3d 604, 610 (Tex. 2002).  In its
motion for summary judgment, Pay & Save argued that there was no evidence
that its conduct was extreme and outrageous. 
To be extreme and outrageous, a defendant=s conduct must be so outrageous in
character and so extreme in degree as to go beyond all possible bounds of
decency, and to be regarded as atrocious and utterly intolerable in a civilized
society.  Id.  An ordinary employment dispute does not rise
to the level of extreme and outrageous conduct. 
Id. at 611.  Only in the
most unusual of circumstances is conduct so extreme and outrageous that it is
removed from the realm of an ordinary employment dispute.  Wal-Mart Stores, Inc. v. Canchola, ___
S.W.3d ___, ___, 2003 WL 22053417, at *4 (Tex. Sept. 4, 2003); Sears, 84
S.W.3d at 611.  The wrongful termination
of an employee does not, standing alone, constitute intentional infliction of
emotional distress.  Canchola, ___
S.W.3d at ___, 2003 WL 22053417, at *4. 
Moreover, an employer must be given some leeway in investigating serious
accusations made against its employees.  Id.
at *5.  It is not extreme and outrageous
for an employer to conduct an imperfect investigation or to fail to pursue
exculpatory evidence.  Id. at *4.








To establish that the trial court
erred in granting summary judgment on his intentional infliction of emotional
distress claim, Davila argues that Pay & Save acted recklessly in
terminating him because it did not perform a reasonable investigation of the
sexual harassment allegations.  But, as
we have just discussed, terminating an employee and conducting an imperfect
investigation do not amount to extreme and outrageous conduct.  Davila does not point to any evidence to show
that this case presents more than an ordinary employment dispute.  Therefore, Davila has not established that
the trial court erred by granting summary judgment on his intentional
infliction of emotional distress claim.

Motion for Damages

Pay & Save has filed a motion for
damages, arguing that this is a frivolous appeal. To support its argument, Pay
& Save points to numerous deficiencies in Davila=s brief.  Pay & Save seeks damages of $16,775,
claiming that it has incurred reasonable and necessary attorney=s fees and expenses in at least this
amount while defending this appeal.  This
claim is not supported by an affidavit.

If we determine that an appeal is
frivolous, we may award the prevailing party just damages.  Tex.
R. App. P. 45.  We must exercise
caution in awarding appellate sanctions. 
Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.--Houston [1st
Dist.] 2001, pet. denied).  Although the
imposition of sanctions is within our discretion, we may do so only in
circumstances that are truly egregious.  Angelou
v. African Overseas Union, 33 S.W.3d 269, 282 (Tex. App.--Houston [14th
Dist.] 2000, no pet.).








We have previously listed several
factors that tend to indicate that an appeal is frivolous:  (1) the unexplained absence of a reporter=s record; (2) the unexplained failure
to file a motion for new trial when it is required to preserve error on appeal;
(3) a poorly written brief raising no arguable points of error; (4) the
unexplained failure to appear at oral argument; and (5) the failure to respond
to a request for sanctions.  American
Paging v. El Paso Paging, 9 S.W.3d 237, 241-42 (Tex. App.--El Paso 1999,
pet. denied).  Of these factors, only the
third one is present here.  Moreover,
since Davila is appealing from a take-nothing judgment, we have no indication
that the appeal was brought as a delaying tactic.  Although Davila=s brief is hardly a model of
effective appellate advocacy, we conclude that sanctions are not warranted in
this case.

Conclusion

For the reasons stated herein, we
overrule Davila=s issues on appeal and we deny Pay & Save=s motion for damages.  The judgment of the trial court is affirmed.

 

SUSAN
LARSEN, Justice

October 23, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.