

# NUMBER 13-22-00489-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ELDA LOPEZ CANTU,**                                                              **Appellant,**

**v.**

**ELOY BERNAL AND
PAULINO BERNAL JR.,**                                                         **Appellees.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Elda Lopez Cantu appeals the trial court's summary judgment in favor of appellees Eloy Bernal and Paulino Bernal Jr. (the Bernals). By one issue, Cantu contends the trial court erred by granting the Bernals' joint motion for summary judgment. We affirm.

## I.     BACKGROUND

Cantu sued the Bernals' father Paulino Bernal alleging, in pertinent part, that Paulino breached a contract to marry her and breached a contract to convey title to real property and a radio station to her.[1] Additionally, Cantu sued the Bernals for tortious interference with prospective contractual relations. The Bernals filed a motion for summary judgment asserting that "there is no genuine issue as to any material fact necessary to establish that [Cantu] has [a] viable cause[] of action against" them. The trial court granted the motion and severed this cause. This appeal followed.

## II.     MOTION IS IN SUBSTANCE A MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

As a preliminary matter, we must determine whether the Bernals' motion for traditional summary judgment is in substance a no-evidence motion so that we may review it under the proper standard. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied). We categorize the motion not by strictly reviewing its form or title, but instead, we consider the substance. *See id.* A traditional summary judgment is proper "when the movant establishes that there is no genuine issue of material fact[,] and he is entitled to judgment as a matter of law." *Id.* On the other hand, "[a] no-evidence summary judgment is proper if the nonmovant fails to bring forward more than a scintilla of probative evidence that raises a genuine issue of material fact as to an essential element of the plaintiff's causes of action for which the defendant contends no evidence exists." *Id.*

The Bernals' motion entitled, "Joint Motion for Summary Judgment," set out the

---

[1]   Cantu's cause against Paulino Bernal is not before us.

standard for obtaining a traditional summary judgment, and they attached evidence to their motion. However, the Bernals argued in their motion that the evidence for each element of tortious interference with a prospective contract, was "missing," "no such evidence occurred," and there was "no evidence." *See* TEX. R. CIV. P. 166a(i) ("[A] party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial."). Thus, we conclude that the Bernals' motion was a joint motion for no-evidence and traditional summary judgment. *See id.*

### III.    STANDARD OF REVIEW AND APPLICABLE LAW

Once a no evidence motion for summary judgment has been filed, the nonmoving party has the burden to present evidence raising an issue of material fact as to the challenged elements. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). The trial court may not grant a no-evidence summary judgment "if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). There is less than a scintilla of evidence if the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). We review a trial court's summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

3

To prevail on a claim for tortious interference with a prospective contract, the claimant must show the following:

> (1) a reasonable probability that there would have been a contractual relationship; (2) an "independently tortious or unlawful" act by the interfering party that prevented the relationship from occurring; (3) the interfering party did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the claimant suffered actual harm or damage proximately caused by the interference.

*Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 307 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)). Independently tortious means, "conduct that would violate some other recognized tort duty. . . ." *Wal-Mart Stores, Inc.*, 52 S.W.3d at 713. For example

> a defendant who threatened a customer with bodily harm if he did business with the plaintiff would be liable for interference because his conduct toward the customer—assault—was independently tortious, while a defendant who competed legally for the customer's business would not be liable for interference. Thus defined, an action for interference with a prospective contractual or business relation provides a remedy for injurious conduct that other tort actions might not reach (in the example above, the plaintiff could not sue for assault), but only for conduct that is already recognized to be wrongful under the common law or by statute.

*Wal-Mart Stores, Inc.*, 52 S.W.3d at 713.

## IV. DISCUSSION

In their motion for summary judgment, the Bernals challenged each element of Cantu's claim for tortious interference with a prospective contract. As relevant to our analysis, the Bernals specifically stated in their motion that there is "no independent tortious or unlawful act performed by [the Bernals] with a conscious desire to prevent the relationship from occurring or with knowledge that the interference was certain or

4

substantially likely to occur as a result of its conduct." The Bernals further argued that there is no evidence that they "intentionally or maliciously intervened with potential business relations between [Cantu and Paulino]." Cantu responded that the Bernals "took immediate action to make sure that [Paulino] ended the relationship and terminate[d] any agreements he had with [her]" when they discovered the relationship.[2]

Here, Cantu points to no evidence on appeal and pointed to no evidence in the trial court that supports a finding that the Bernals' conduct was independently tortious; that is, Cantu did not provide any evidence that the Bernals' actions would be actionable under a recognized tort. *See id.* She did not allege or produce evidence that the Bernals interfered with the prospective contracts by making a fraudulent statement about her to a third person, (deception), threatening Paulino with physical harm if he did business with her, (committing assault), or engaging in any other illegal activity. *See id.* In fact, she did not allege in the trial court and does not allege on appeal that the Bernals' conduct in allegedly discouraging Paulino from performing the alleged contracts would be actionable under a recognized tort. *See id.*; *see also Snowhite Textile & Furnishings, Inc. v. Innvision Hosp., Inc.*, No. 05-18-01447-CV, 2020 WL 7332677, at *8 (Tex. App.—Dallas Dec. 14, 2020, no pet.) (mem. op.) (finding an independently tortious act).

Instead, the evidence merely shows that the Bernals allegedly persuaded Paulino not to deal with Cantu, which standing alone is not an unlawful act. *See Wal-Mart Stores, Inc.*, 52 S.W.3d at 726. Although it may have been "sharp" or "unfair" for the Bernals to

---

[2] Cantu did not attach any evidence to support this assertion. Moreover, such conduct if true would not be independently tortious. *See Wal-Mart Stores, Inc.*, 52 S.W.3d at 726.

have done so, such conduct is not actionable. *See id.* ("Conduct that is merely 'sharp' or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective relations . . . ."). Therefore, we conclude that Cantu failed to raise more than a scintilla of probative evidence to raise a genuine issue of material fact supporting a finding that the Bernals committed an "independently tortious or unlawful" act that prevented the relationship from occurring. *See King Ranch, Inc.*, 118 S.W.3d at 751; *see also Wal-Mart Stores, Inc.*, 52 S.W.3d at 726.

Moreover, even under a traditional summary judgment standard, we come to the same conclusion. The Bernals attached affidavits to their motion for summary judgment stating that prior to Paulino ending his relationship with Cantu, neither of the Bernals knew that Paulino was in a relationship with Cantu or that Paulino had made promises to Cantu regarding marriage, conveyance of real property, or conveyance of a radio station. Furthermore, each of the Bernals denied pressuring, discouraging, threatening, or interfering with Paulino's decision regarding Cantu. Thus, the Bernals conclusively negated at least one element of Cantu's cause of action—that they engaged in unlawful conduct that *prevented the relationship from occurring*—because the only evidence before the trial court is that Paulino ended his relationship with Cantu before the Bernals became aware of it and the contracts. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam) (setting out that a defendant prevails on a motion for traditional summary judgment if it disproves at least one element of the cause of action). They also negated that they acted with a conscious desire to end the relationship because they provided evidence that they had no knowledge of the relationship or contracts until after

6

the couple's break-up. *See Cathey*, 900 S.W.2d at 341.

Once the Bernals produced sufficient evidence to establish the right to summary judgment, the burden shifted to Cantu to present evidence raising a fact issue proving that the Bernals' unlawful conduct prevented the relationship from occurring. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (explaining the burden-shifting analysis of a motion for traditional summary judgment); *see also Wal-Mart Stores, Inc.*, 52 S.W.3d at 726. Cantu attempted to do so by stating in her affidavit attached to her response that the Bernals "took immediate action to make sure that [Paulino] ended the relationship and terminate[d] any agreements he had with [her]" when they discovered the relationship. However, as noted above Cantu did not produce any evidence that the Bernals prevented the relationship by performing an unlawful act or an independently tortious act. *See Wal-Mart*, 52 S.W.3d at 726. Therefore, we cannot conclude that Cantu raised a fact issue on this element. *See id.* We overrule Cantu's sole issue.[3]

## V. Conclusion

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of December, 2023.

---

[3] Having determined that the Bernals negated one element of tortious interference with a prospective contract, we need not address Cantu's other arguments that she provided evidence raising a fact issue regarding the other elements of her claim. *See Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 680 (Tex. App.—El Paso 2001, no pet.) ("A defendant who conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that cause of action.").